UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LIFENG WU,<br>      Defendant | Criminal No. 24cr10363<br><br>Violations:<br><br><u>Count One</u>: Money Laundering Conspiracy (18 U.S.C. § 1956(h))<br><br><u>Count Two</u>: Operating an Unlicensed Money Transmitting Business; Aiding and Abetting (18 U.S.C. § 1960(a)); 18 U.S.C. § 2)<br><br><u>Money Laundering Forfeiture Allegation</u>: (18 U.S.C. § 982(a)(1))<br><br><u>Unlicensed Money Transmitting Forfeiture Allegation</u>: (18 U.S.C. § 982(a)(1)) |

<u>INFORMATION</u>

<u>COUNT ONE</u>
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

The United States charges:

From in or about March 2021 through in or about June 2022, in the District of Massachusetts, in Canada, and elsewhere, the defendant,

LIFENG WU,

conspired with others known and unknown to:

    (a) conduct and attempt to conduct financial transactions, to wit, wire transfers, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, access device fraud, in violation of Title 18, United States Code,

1

Section 1029, and knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b) conduct and attempt to conduct financial transactions, to wit, wire transfers, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, access device fraud, in violation of Title 18, United States Code, Section 1029, knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii); and

(c) knowingly engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000, by, through, and to a financial institution, where such property was derived from specified unlawful activity, that is, access device fraud, in violation of Title 18, United States Code, Section 1029, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

COUNT TWO
Operating an Unlicensed Money Transmitting Business; Aiding and Abetting
(18 U.S.C. § 1960(a)); 18 U.S.C. § 2)

The United States further charges:

From in or about March 2021 through in or about June 2022, in the District of Massachusetts, Canada, and elsewhere, the defendant,

LIFENG WU,

knowingly conducted, controlled, managed, supervised, directed, and owned all or part of an unlicensed money transmitting business as that term is defined in Title 18, United States Code, Section 1960(b)(1), that affected interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 1960(a) and 2.

## MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 1956(h), set forth in Count One, the defendant,

## LIFENG WU,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

## MONEY TRANSMITTING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 1960, set forth in Count Two, the defendant,

LIFENG WU,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

JOSHUA S. LEVY
United States Attorney
District of Massachusetts


*/s/ Lauren A. Graber*
LAUREN A. GRABER
CHARLES DELL'ANNO
Assistant United States Attorneys
District of Massachusetts

December 5, 2024